## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHIMON CITRON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  Civil Action No. 19-1676-CFC-SRF |
| | ) |
| EZTD INC, a/k/a EZTD INC., | ) |
| | ) |
| | ) |
| Respondent. | ) |
| ————————————————————— | ) |

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

Petitioner Shimon Citron ("petitioner") initiated this action on September 9, 2019, when he filed a petition for the issuance of a writ of attachment ("the petition"). (D.I. 1)  Presently before the court is a motion to dismiss the petition and vacate the issued writ of attachment ("the writ") pursuant to Federal Rule of Civil Procedure 12(b)(1) filed by respondent EZTD Inc. ("respondent") (D.I. 15).[1]  For the following reasons, I recommend that the court grant respondent's motion to dismiss the action without prejudice and vacate the writ.

### II.    BACKGROUND

On April 18, 2019, the Tel Aviv District Court entered a judgment against respondent in petitioner's favor.  (D.I. 1 at ¶ 8)  On July 3, 2019, petitioner filed a complaint in Delaware Superior Court seeking recognition of the Tel Aviv District Court's prior judgment.  (*Id.* at ¶ 9)  On August 12, 2019, the Delaware Superior Court entered a default judgment against respondent in petitioner's favor for $112,429.87 plus post-judgment interest.  (*Id.* at ¶ 10)

---

[1] The briefing for the pending motion is as follows: respondent's opening brief (D.I. 15), petitioner's answering brief (D.I. 18), and respondent's reply brief (D.I. 20).

On September 9, 2019, petitioner filed the instant action to enforce the Delaware Superior Court-issued default judgment.  (*Id.* at ¶¶ 8–18)  Petitioner invoked the court's diversity jurisdiction under 28 U.S.C. § 1332.  (*Id.* at ¶ 3)  Petitioner resides in and is a citizen of Israel.  (*Id.* at ¶¶ 1, 3)  Respondent is a Delaware corporation.  (*Id.* at ¶¶ 2–3)  Also on September 9, 2019, petitioner filed an *ex parte* motion for the issuance a writ of attachment (D.I. 4).  On September 23, 2019, the court granted petitioner's *ex parte* motion and issued a writ of attachment to shares of respondent's Japan- and Cyprus-based subsidiaries—EZInvest Securities Co. Ltd. and WGM Services Ltd.  (D.I. 4, Ex. 1; D.I. 6)

## III.   Legal Standard

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a complaint for lack of jurisdiction over the subject matter, or if the plaintiff lacks standing to bring its claim.  Motions brought under Rule 12(b)(1) may present either a facial or factual challenge to the court's subject matter jurisdiction.  *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (quoting *Common Cause of Pa. v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir. 2009)).  In reviewing a facial challenge under Rule 12(b)(1), the standards relevant to Rule 12(b)(6) apply.  In this regard, the court must accept all factual allegations in the complaint as true, and the court may only consider the complaint and documents referenced in or attached to the complaint.  *See Church of Universal Bhd. v. Farmington Twp. Supervisors*, 296 F. App'x 285, 288 (3d Cir. 2008); *Gould Elec., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).  In reviewing a factual challenge to the court's subject matter jurisdiction, the court is not confined to the allegations in the complaint.  *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  Instead, the court may consider evidence outside the pleadings, including affidavits, depositions and testimony, to resolve any factual issues bearing on jurisdiction.  *See*

*Gotha v. United States*, 115 F.3d 176, 179 (3d Cir. 1997).  Once the court's subject matter jurisdiction over a complaint is challenged, the plaintiff bears the burden of proving that jurisdiction exists.  *See Lincoln*, 800 F.3d at 105; *Mortensen*, 549 F.2d at 891.

## III.   DISCUSSION

Respondent argues that the petition fails to meet the requirements of 28 U.S.C. § 1332 regardless of whether the court interprets its motion as a factual or facial challenge.  (D.I. 15 at 3–4)  Specifically, respondent argues that the court should dismiss the petition on its face because it does not identify respondent's principal place of business.  (*Id.* at 5)  Petitioner responds that he is not required to plead the respondent's principal place of business.  (D.I. 18 at 2)  The parties do not dispute that petitioner is a citizen and resident of Israel.  (D.I. 10; D.I. 18; D.I. 20)  Nor do the parties dispute that respondent is incorporated in Delaware and is, therefore, a Delaware citizen for diversity jurisdiction purposes.  (D.I. 10; D.I. 18; D.I. 20)

District courts have subject matter jurisdiction over disputes between "citizens of a State and citizens or subjects of a foreign state."  28 U.S.C. § 1332(a)(2).  Satisfying 28 U.S.C. § 1332 requires complete diversity.  *Braun v. Gonzales*, 557 Fed. App'x 176, 179 (3d Cir. 2014) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999)).  Complete diversity exists when no plaintiff is a citizen of the same state as any defendant.  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

To invoke federal diversity jurisdiction, the party asserting that jurisdiction lies "bears the burden of showing that the case is properly before the court at all stages of the litigation."  *S. Freedman & Co., Inc. v. Raab*, 180 Fed. App'x. 316, 319–20 (3d Cir. 2006) (quoting *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993)).  At the pleading stage, the plaintiff bears the burden of "pleading the diversity of the parties."  *Id.* at 320. To plead the diversity of

the parties, the plaintiff must allege "the basis upon which jurisdiction depends . . . affirmatively and distinctly." *Id.* (internal quotations and citations omitted). The plaintiff cannot establish diversity using argument or inference. *Id.*

For diversity jurisdiction purposes, a corporation has "dual citizenship and is deemed a citizen of two states: its state of incorporation and the state of its principal place of business." *Shomide v. Surgery Ctrs. of Delmarva, LLC*, C.A. No. 15-196-SLR, 2015 WL 2248178, at *2 (D. Del. May 12, 2015) (citing 28 U.S.C. § 1332(c)(1); *Mennen Co. v. Atlantic Mut. Ins. Co.*, 147 F.3d 287 (3d Cir. 1998)). "[P]roper invocation of diversity jurisdiction requires that the plaintiff allege where a corporation has 'its principal place of business'" and its state of incorporation. *See Blind Trust Marquita Rucker/Howard of the Commonwealth of Pa. v. GM Fin.*, C.A. No. 15-588-SLR, 2015 WL 5120869, at *2 (D. Del. Aug. 31, 2015) (quoting *Freedman*, 180 Fed. App'x. at 320); s*ee also Lincoln*, 800 F.3d at 106 (citing Fed. R. Civ. P. Form 7; 28 U.S.C. § 1332(c)(1)) (For diversity, "the state of incorporation and principal place of business should be alleged, as the corporation is a citizen of both states."); *Sheptin v. Cardionet*, 2012 WL 3064877, at *2 (E.D. Pa. July 27, 2012) (dismissing a complaint that failed to allege the defendant's state of incorporation because it was "not clear whether complete diversity exist[ed]" without allegations of both principal place of business and state of incorporation). Here, petitioner alleged that respondent "is a domestic corporation formed and existing under the laws of the State of Delaware" and "is domiciled in the State of Delaware." (D.I. 1 at ¶¶ 2–3) These allegations satisfy petitioner's burden to plead respondent's state of incorporation. However, petitioner failed to allege any facts about respondent's principal place of business. Therefore, petitioner failed met his burden to "affirmatively and distinctly" allege respondent's

dual citizenship for the court to be able to determine whether jurisdiction lies. *See Freedman*, 180 Fed. App'x. at 319–20; *Sheptin*, 2012 WL 3064877, at *2.

Petitioner cites *Midlantic National Bank v. Hansen*, 48 F.3d 696, 698 (3d Cir. 1995) to argue that he did not have to allege respondent's principal place of business because respondent has no principal place of business. (D.I. 18 at 3–4) In *Hansen*, the Third Circuit held, as a matter of first impression, that "an 'inactive' corporation (that is, a corporation conducting no business activities) has no principal place of business, and is instead a citizen of its state of incorporation only." 48 F.3d at 696. *Hansen* does not directly apply here because petitioner has not alleged in his pleadings nor argued in his papers that respondent is an "inactive" corporation. (D.I. 1; D.I. 18 at n.2) Nor did petitioner plead that respondent outright lacks a principal place of business.[2] (D.I. 1; D.I. 18 at 2 n.2) Instead, petitioner argues that he could not have alleged respondent's principal place of business because respondent lacks a principal place of business.[3] (D.I. 18 at 2–4) However, petitioner may not rely on argument or inference to establish this court's diversity jurisdiction. *Freedman*, 180 Fed. App'x. at 320. Petitioner was required to "affirmatively and distinctly" plead a basis for diversity jurisdiction and failed to do so. *See id.*

The petition fails to invoke this court's diversity jurisdiction on its face because it lacks any allegation regarding respondent's principal place of business. Having decided that the petition fails to satisfy a facial challenge, it is not necessary to evaluate a factual challenge to the pleading. *Crystallex Intl. Corp. v. Bolivarian Republic of Venez.*, C.A. No. 17-151-LPS, 333 F.

---

[2] *Hansen* does not address the pleading requirements for diversity jurisdiction under 28 U.S.C. § 1332(c)(1). 48 F.3d 693 (3d Cir. 1995).

[3] Petitioner also cites *Johnson v. Smithkline Beecham Corp.*, 724 F.3d 337 (3d Cir. 2013) to make the factual argument that respondent's "nerve center" is not in Israel. (D.I. 17 at 7–9) The court need not address petitioner's factual argument because the court readily concludes that the petition fails on its face to invoke this court's diversity jurisdiction. *See Crystallex Intl. Corp. v. Bolivarian Republic of Venez.*, C.A. No. 17-151-LPS, 333 F. Supp. 3d 380, 389 (D. Del. 2018).

Supp. 3d 380, 389 (D. Del. 2018) ("When a motion to dismiss presents [facial and factual] attacks, the plaintiff must overcome both in order for its claims to proceed.").

Therefore, I recommend that the court grant respondent's motion to dismiss the petition without prejudice and vacate the previously issued writ. *See Johnson v. Smithkline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2014) ("[L]ack of jurisdiction would make any decree in the case void.") (quoting *Brown v. Francis*, 75 F.3d 860, 864–65 (3d. Cir. 1996)).

## IV.   CONCLUSION

For the foregoing reasons, I recommend that the court grant respondent's motion to dismiss the petition without prejudice and vacate the writ.  (D.I. 15)

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1.  The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2).  The objections and responses to the objections are limited to five (5) pages each.  The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court.  *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

The parties are directed to the court's Standing Order In Pro Se Matters For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated:  June 30, 2020

Sherry R. Fallon
United States Magistrate Judge